to show that by the demurrer in that case, the fact is admitted that the tender was not unconditional.

THE COURT refused to permit the record to be read for that purpose, or to prove any other fact admitted by that demurrer.

The jury could not agree after being out three days.

## Case No. 651.

### AULD v. HEPBURN et al.

[1 Cranch, C. C. 166.][1]

Circuit Court, District of Columbia.  June Term, 1804.

PLEADINGS—DEMURRER—NOT EVIDENCE OF FACTS ADMITTED IN ANOTHER SUIT.

An admission of facts by a demurrer in one suit, is not evidence of those facts in another suit between the same parties.

[See Auld v. Hepburn, Case No. 650.]

The record of the suit of Hepburn v. Auld [Case No. 6,389, 1 Cranch, (5 U. S.) 321, and 5 Cranch, (9 U. S.) 262] was offered in evidence by the plaintiff to show that by demurring to Auld's plea, in that case, the defendants have admitted the fact, that the release was required.

E. J. Lee, for plaintiff, cited Lee v. Boothby, 1 Keb. 720; 12 Vin. Abr. 82. Admissions upon record in other cases between the same parties, may be given in evidence.

Mr. Swann, contra, cited Grills v. Mannell, Willes, 380.

THE COURT was of opinion (nem. con.) that the admission of facts by a demurrer cannot bind the party in any other plea, or in any other cause where the facts are put in issue.

## Case No. 652.

### AULD v. HOYL.

[1 Cranch, C. C. 544.][1]

Circuit Court, District of Columbia.  June Term, 1809.

LIMITATION OF ACTIONS—WHEN APPLICABLE—TREATY OF 1794.

A British subject who, before the treaty of 1794, [8 Stat. 116,] took a bond in the name of a citizen of the United States, cannot avoid the statute of limitations, by claiming the benefit of the clause of the treaty which removed all legal impediments in the recovery of British debts.

At law.  Debt on bond [by Auld, as assignee of W. Wilson, against Hoyl, as administrator of Deakins,]—plea that the bond was of twelve years standing, and barred by the statute of limitations.  Replication that the bond was taken for a debt due to Dunlop & Co., British creditors, before the war, and that the British treaty removed that lawful impediment.

THE COURT (DUCKETT, Circuit Judge, absent) adjudged the replication to be bad;

observing that if a British creditor covers his debt under the name of a citizen he must take citizen's law.

## Case No. 653.

### AULD et al. v. MANDEVILLE.

[2 Cranch, C. C. 167.][1]

Circuit Court, District of Columbia.  April Term, 1819.

NEGOTIABLE INSTRUMENTS—DEMAND—LAST DAY OF GRACE.

Notice to the indorser on the third day of grace, although after bank hours, is too soon.

[See note at end of case.]

At law.  Assumpsit, against the indorser of Griffith's note.  Demand of payment from the maker was made before three o'clock on the last day of grace, and payment being refused, the notary gave notice to, and demanded payment from, the defendant after three o'clock of the same day.

THE COURT, upon the authority of the cases decided in Washington, viz: Lindenberger v. Beale, [Case No. 8,359,] and Beeding v. Pic, [Id. 1,227,] rendered judgment for the defendant upon the case stated and referred to in the verdict of the jury.

[NOTE.  This decision was evidently in recognition and enforcement of the usage of the banks in the District of Columbia to demand payment of commercial paper the day after the last day of grace.  Other cases to like effect are Coyle v. Gozzler, Case No. 3,312; Bank of Alexandria v. Wilson, Id. 856; Brent v. Coyle, Id. 1,837; Hill v. Norvell, Id. 6,497; Bank of Columbia v. McKenny, Id. 874; Mills v. Bank of U. S., 11 Wheat. (24 U. S.) 431; Adams v. Otterback, 15 How. (56 U. S.) 539; Bank of Washington v. Reynolds, Case No. 954; Bank of Columbia v. Lawrence, Id. 872; Patriotic Bank v. Farmers' Bank, Id. 10,811; Renner v. Bank of Columbia, 9 Wheat. (22 U. S.) 581. This usage was changed in 1818 by all of the banks of Washington and Georgetown "so as to conform to the general commercial usage of demanding payment on the last day of grace." Cookendorfer v. Preston, 4 How. (45 U. S.) 317. This change in usage or custom was also recognized in the following cases, requiring demand to be made on the last day of grace: Beeding v. Pic, Case No. 1,227; Auld v. Peyton, Id. 654; Lenox v. Roberts, 2 Wheat. (15 U. S.) 373; Bank v. Walker, Case No. 903; Bank of Washington v. Triplett, 1 Pet. (26 U. S.) 25.]

## Case No. 654.

### AULD et al. v. PEYTON.

[2 Cranch, C. C. 182.][1]

Circuit Court, District of Columbia.  Nov. Term, 1819.

NEGOTIABLE INSTRUMENTS—DEMAND—LAST DAY OF GRACE.

Demand of payment of a note must be made on the last day of grace.

[See note to Auld v. Mandeville, Case No. 653.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]